IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                                                        NO. 3:25-CV-81-DMB-JMV

JULIA RUSH                                                            DEFENDANT

## ORDER

On March 19, 2025, the United States of America filed a complaint against Julia Rush in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Rush's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Rush, through misrepresentations, received a PPP loan in the amount of $20,280.00, for which the Small Business Administration ("SBA") paid $2,500.00 in processing fees to the financial institution involved, and that based on false representations by Rush, the SBA forgave the loan. *Id.* at PageID 6.

On May 6, 2025, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #4 at PageID 16. The joint motion is signed by both the United States and by Rush, *id.*, as is the proposed consent judgment.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Rush to pay $22,830.56 plus interest and a $405 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. So, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The Court will sign and enter the proposed consent judgment.

**SO ORDERED**, this 9th day of May, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**